# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JSDQ MESH TECHNOLOGIES LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**KOURT SECURITY PARTNERS, LLC d/b/a SELECT SECURITY, and SECURITY PARTNERS, LLC**<br><br>Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JSDQ Mesh Technologies LLC complains of Defendants Kourt Security Partners, LLC d/b/a Select Security, and Security Partners, LLC as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

3. JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,286,828, entitled "Method of Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection", which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit B); United States Reissue Patent No. RE43,675, entitled "Wireless Radio Routing System," which issued on September 18, 2012 (the "'675 Patent") (a true and correct copy

is attached as Exhibit C); and United States Reissue Patent No. RE44,607, entitled "Wireless Mesh Routing Method," which issued on November 19, 2013 (the "'607 Patent") (a true and correct copy is attached as Exhibit D) (collectively, the "Patents-in-Suit").

4. Defendant Kourt Security Partners, LLC d/b/a Select Security is a Pennsylvania limited liability company registered with the Delaware Secretary of State and listing a registered agent of Incorp Services, Inc. at 919 North Market Street, Suite 425, Wilmington, Delaware 19801 and its principal place of business at 241 North Plum Street, Lancaster, Pennsylvania 17601.

5. Defendant Security Partners, LLC is a Pennsylvania limited liability company with its principal place of business at 241 North Plum Street, Lancaster, Pennsylvania 17601.

6. Defendants have acquired several security companies throughout the United States including at least: Response Center USA (San Antonio, Texas), Mace Central Station (Anaheim, California), Secure US (Morgantown, West Virginia), Comstar Systems (Bowling Green, Kentucky), AAA Systems (Elizabethtown, Kentucky), and Bardstown Alarm (Bardstown, Kentucky). Accordingly, Defendants and all affiliates and subsidiaries are herein referred to as "Select Security".

7. Defendants Select Security are engaged in the business of providing, maintaining and monitoring security and alarm systems throughout the United States including Delaware and this Judicial District.

8. Defendants Select Security operate AES IntelliNet wireless mesh networks, including but not limited to a service known as "Centras".

9. According to a release from Select Security, Centras is powered by AES's IntelliNet hardware and works via a self-healing wireless radio mesh network that allows for multiple redundant communication paths.

## JURISDICTION AND VENUE

10. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

11. Personal jurisdiction over Defendants Select Security is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE ACCUSED WIRELESS ROUTING SYSTEMS

12. Defendants Select Security infringe the Patents-in-Suit through at least the use of one or more deployed wireless mesh networking systems that incorporate AES IntelliNet technology, including but not limited to a service known as "Centras".

13. At least the wireless mesh networking systems deployed by Defendants that incorporate AES IntelliNet technology (e.g., "Centras") – including hardware (e.g., access points, antennas, etc.), software, and firmware components associated therewith – and any third party components, are herein referred to as the "Accused Wireless Routing Systems".

14. Defendants have directly infringed the Patents-in-Suit through at least the use of the Accused Wireless Routing Systems and any other third party components combined therewith.

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,286,828

15. JSDQ realleges and incorporates by reference paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. Defendants have directly infringed at least independent method claims 47, 56 and 68 of the '828 Patent through at least the use, installation, maintenance, monitoring, offer for sale and/or sale of the Accused Wireless Routing Systems.

<u>Claim 47</u>

17. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – provide a radio communication route

among a plurality of individual nodes capable of distribution arbitrarily relative to each other, said nodes being controllable independent of a central computer separate from said nodes, in accordance with the limitations of claim 47 of the '828 Patent.

18. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – perform each of the limitations of claim 47 of the '828 Patent by:

(a) establishing radio links between pairs of said nodes using radio signals transmitted from each said node and received by other said nodes without regard to the relative locations of said nodes of said pair, wherein at least some of said radio signals include associated routing messages including an actual radio parameter of said radio signals;

(b) storing said routing messages received by each said node;

(c) selecting a said routing message associated with a preferred said radio link using said actual radio parameter of said received radio signals;

(d) deleting at least some of said other stored routing messages;

(e) modifying said selected routing message;

(f) retransmitting said modified routing message; and

(g) assembling said preferred radio links into a radio communication route between an originating node and a destination node, said route including plural said radio links.

Claim 56

19. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – provide a radio communication route among a plurality of individual nodes capable of distribution arbitrarily relative to each other, said

nodes being controllable independent of a central computer separate from said nodes, in accordance with the limitations of claim 56 of the '828 Patent.

20. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – perform each of the limitations of claim 56 of the '828 Patent by:

(a) establishing radio links between pairs of said nodes using radio signals transmitted from each said node and received by other said nodes without regard to the relative locations of said nodes of said pair, at least some of said radio signals including routing messages;

(b) storing said routing messages received by each said node;

(c) selecting a said routing message associated with a preferred said radio link using a parameter of said routing messages in said received radio signals;

(d) modifying said selected routing message;

(e) deleting at least some of said other stored routing messages;

(f) retransmitting said modified routing message;

(g) assembling said preferred radio links into an optimum radio communication route between an originating node and a destination node, said route including plural said radio links; and

(h) changing said route between said originating node and said destination node only when a condition of the route changes.

<u>Claim 68</u>

21. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – provide a wireless communication route

having a plurality of individual routing nodes distributed to form a mesh of said routing nodes throughout an area covered by a wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

22.  The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – perform each of the limitations of claim 68 of the '828 Patent by:

(a)  establishing wireless links between pairs of said routing nodes using wireless signals transmitted from each said routing node and received by other said routing nodes without regard to the relative locations of said routing nodes of said pair, at least some of said wireless signals including routing messages;

(b)  storing said routing messages received by each said node;

(c)  selecting a said routing message associated with a preferred said wireless link using a parameter of said received wireless signals;

(d)  modifying said selected routing message;

(e)  deleting at least some of said other stored routing messages;

(f)  retransmitting said modified routing messages; and

(g)  assembling said preferred wireless links into an optimum wireless communication route between a remote routing node and a destination routing node, said route including plural said wireless links.

23.  To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

24. Defendants' direct infringement as described above has injured JSDQ and JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

### INFRINGEMENT OF UNITED STATES PATENT NO. 7,916,648

25. JSDQ realleges and incorporates by reference paragraphs 1 through 14, inclusive, as though fully set forth herein.

26. Defendants have directly infringed at least independent method claims 29 and 36 of the '648 Patent through at least the use, installation, maintenance, monitoring, offer for sale and/or sale of the Accused Wireless Routing Systems.

<u>Claim 29</u>

27. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – provide a radio communication route among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

28. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – perform each of the limitations of claim 29 of the '684 Patent by:

(a) establishing radio links between pairs of said nodes using radio signals transmitted from one said node and received directly by other said nodes without regard to the relative locations of said nodes of said pair transmitting and receiving said signals;

(b) measuring values of a radio parameter of radio signals received by a said node;

(c) transmitting from at least two of said nodes radio signals with associated routing messages, wherein said routing message from each of said two nodes identifies a multilink

route segment to another said node and includes a value of a radio parameter related to a condition of said route segment;

(d) selecting at a said node receiving said radio signals a preferred said multi-link route segment, wherein said selection is based on the measured values of said radio parameter of said received radio signals and the values of said radio parameter included with said routing messages in said received radio signals;

(e) transmitting from said selecting node a radio signal with a routing message identifying said selecting node and said preferred route segment; and

(f) assembling a radio communication route between an originating node and a destination node, said route being assembled by computers in a plurality of said nodes independently of any computer separate from said nodes in said route, and said route including at least one said preferred multi-link route segment.

Claim 36

29. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – create a radio communications route comprising multiple radio links between a plurality of pairs of nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 36 of the '648 Patent.

30. The Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – perform each of the limitations of claim 36 of the '684 Patent by:

(a) receiving at a said node at least two radio signals including routing messages transmitted from other said nodes, said signals being received at said node directly from said nodes transmitting said signals without regard to the relative locations of said node

receiving said signals and said nodes transmitting said signals, wherein said routing message from each said node has content (i) identifying at least one preferred multi-link route segment to another said node, (ii) including the number of said radio links in said route segment, and (iii) including at least one value of a radio parameter of radio signals associated with said radio links in said route segment;

(b)   measuring at said receiving node values of said radio parameter associated with at least some of said radio signals received by said receiving node;

(c)   storing at said receiving node said measured values of said radio parameter and said routing messages associated with said measured values;

(d)   selecting at a said node receiving said routing messages a preferred said route segment, wherein said selection is based on the measured values of said radio parameter of said received radio signals and the stored values of said radio parameter;

(e)   transmitting from said selecting node a routing message identifying said preferred route segment; and

(f)   assembling a radio communication route between an originating node and a destination node.

31.   To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

32.   Defendants' direct infringement as described above has injured JSDQ and JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**INFRINGEMENT OF UNITED STATES REISSUE PATENT NO. RE 43,675**

33.   JSDQ realleges and incorporates by reference paragraphs 1 through 14, inclusive, as though fully set forth herein.

34. Upon information and belief, Defendants have directly infringed, and continue to directly infringe, at least independent method claim 15 of the '675 Patent through at least the use, installation, maintenance, monitoring, offer for sale and/or sale of the Accused Wireless Routing Systems in conjunction with directional radio signals.

<u>Claim 15</u>

35. Upon information and belief, the Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – provide a radio communication route among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 15 of the '675 Patent.

36. Upon information and belief, the Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – perform each of the limitations of claim 15 of the '675 Patent by:

(a) establishing radio links between respective pairs of said nodes, at least one said node using a directional radio signal transmitted from said node and received directly by another said node without regard to the relative locations of said nodes;

(b) measuring a value of a radio parameter of a said directional radio signal received by at least one said node;

(c) transmitting from said at least one node a radio signal with an associated routing message based on at least one measured value of the radio parameter; and

(d) assembling a radio communication route between an originating node and a destination node, said route being assembled by computers in a plurality of said nodes using routing messages received by said nodes, wherein said computers in said nodes assemble said route independently of any computer separate from said nodes in said route,

and said route includes at least one route segment with a said node transmitting a directional radio signal.

37. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

38. Defendants' direct infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

39. In the event Defendants continue their infringing activities after the filing of this Complaint and, thus, with knowledge that there is at least an objectively high likelihood that their actions constitute infringement of the '675 Patent, this case will be beyond the norm and subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

40. In the event discovery reveals that Defendants had knowledge of the '675 Patent and still engaged in indirect infringement thereof, JSDQ will seek leave to plead indirect infringement claims in addition to the direct infringement claims pled herein.

**INFRINGEMENT OF UNITED STATES PATENT REISSUE NO. RE 44,607**

41. JSDQ realleges and incorporates by reference paragraphs 1 through 14, inclusive, as though fully set forth herein.

42. Upon information and belief, Defendants have directly infringed, and continue to directly infringe, at least independent method claim 3 of the '607 Patent through at least the use, installation, maintenance, monitoring, offer for sale and/or sale of the Accused Wireless Routing Systems in conjunction with directional radio signals.

Claim 3

43. Upon information and belief, the Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – provide at least two radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 3 of the '607 Patent.

44. Upon information and belief, the Accused Wireless Routing Systems – as used, installed, maintained, monitored, offered for sale and/or sold by Defendants – perform each of the limitations of claim 3 of the '607 Patent by:

(a) establishing radio links between respective pairs of said nodes using radio signals transmitted from said nodes and received by other said nodes, wherein at least some of said radio signals include routing messages;

(b) using a directional radio signal transmitted from one said node in a directional link and received directly by the other said node in said directional link;

(c) measuring a parameter of radio signals received by at least some of said nodes;

(d) transmitting from at least some of said nodes radio signals with associated routing messages based on said measured parameter; and

(e) assembling radio communication routes between at least two originating nodes and at least one destination node, wherein computers in a plurality of said nodes use routing messages received by said nodes to assemble said routes independently of any computer separate from said nodes in said routes and without regard to the relative locations of said nodes in a said route, both said routes including at least one said directional link.

45. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

46. Defendants' direct infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

47. In the event Defendants continue their infringing activities after the filing of this Complaint and, thus, with knowledge that there is at least an objectively high likelihood that their actions constitute infringement of the '607 Patent, this case will be, therefore, beyond the norm and subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

48. In the event discovery reveals that Defendants had knowledge of the '607 Patent and still engaged in indirect infringement thereof, JSDQ will seek leave to plead indirect infringement claims in addition to the direct infringement claims pled herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JSDQ Mesh Technologies LLC respectfully requests this Court to enter judgment against Defendants Kourt Security Partners, LLC d/b/a Select Security and Security Partners, LLC – and against each of their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them – granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendants;

B. An award of damages against Defendants (jointly and severally) adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.  If Defendants continue their infringement of the '675 and '607 Patents after the filing of this Complaint, a judgment that Plaintiff is entitled to discretionary enhancement of its damages and other relief provided by 35 U.S.C. §§ 284 and/or 285; and

D.  Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial on all issues presented in this Complaint.

Dated: May 3, 2016

*Of Counsel:*
Timothy J. Haller
HALLER LAW PLLC
15036 Pratolino Way
Naples, Florida 34110
Phone: (239) 593-6931
haller@haller-iplaw.com

Gabriel I. Opatken
NOBLE IP LLC
418 North Noble Street, Suite 4
Chicago, IL 60642
Phone: (773) 648-5433
gabriel@nobleipllc.com

Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak
O'KELLY & ERNST LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

***Attorneys for Plaintiff, JSDQ Mesh Technologies LLC***